UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANGELA DOWLING PEREZ, | |
| Plaintiff, | |
| -against- | 26-CV-4207 (LTS) |
| FEDERAL BUREAU OF INVESTIGATION; PRESIDING JUDGE HUDSON COUNTY NEW JERSEY COURT; RAMON F. MOYA, | TRANSFER ORDER |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Angela Dowling Perez, a resident of New Jersey, filed this *pro se* action against

the Federal Bureau of Investigation ("FBI"), a New Jersey state-court judge, and an individual

named Ramon F. Moya. As far as the Court can glean, Plaintiff and Moya are or were involved in

custody proceedings in New Jersey and Texas. For the following reasons, the Court transfers this

action to the United States District Court for the District of New Jersey.

## DISCUSSION

Under the general venue statute, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents
of the State in which the district is located; (2) a judicial district in which a
substantial part of the events or omissions giving rise to the claim occurred, or a
substantial part of property that is the subject of the action is situated; or (3) if
there is no district in which an action may otherwise be brought as provided in
this section, any judicial district in which any defendant is subject to the court's
personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[1]

---

[1] Venue for a civil action against a federal agency is governed by 28 U.S.C. § 1391(e)(1), but there are no allegations in the complaint against the FBI.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff names a New Jersey state-court judge, and it appears that Defendant Moya resides in Texas. She does not allege that any Defendant resides in this District, and thus venue is not proper here under Section 1391(b)(1).[2] Plaintiff does not allege that a substantial part of the events or omissions giving rise to the claim occurred in this District. It appears that Plaintiff's claims arose in Hudson County, New Jersey, which falls within the District of New Jersey, *see* 28 U.S.C. § 110. Venue therefore does not appear to be proper under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see*

---

[2] This District, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

*also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. At least some of the underlying events occurred in Hudson County, New Jersey, and it is reasonable to expect that all relevant documents and witnesses also would be located there. The District of New Jersey thus appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the District of New Jersey. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

**CONCLUSION**

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 29, 2026
          New York, New York

_/s/ Laura Taylor Swain_
LAURA TAYLOR SWAIN
Chief United States District Judge

4