**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ANGELA DOWLING PEREZ,<br><br>     Plaintiff,<br><br> v.<br><br>FEDERAL  BUREAU  OF INVESTIGATIONS, *et al.*,<br><br>     Defendants. | Civil Action No. 26-6817 (JXN)(CF)<br><br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is *pro se* Plaintiff Angela Dowling Perez's ("Plaintiff") Complaint (ECF No. 1) and application to proceed *in forma pauperis* ("IFP") (ECF No. 2). The Court has reviewed Plaintiff's IFP Application and screened the Complaint pursuant to 28 U.S.C. § 1915. For the reasons set forth below, Plaintiff's IFP Application is **DENIED** and the Complaint is **DISMISSED** *without prejudice*.

I.   **BACKGROUND**

On May 19, 2026, Plaintiff filed this complaint (ECF No. 1) and IFP application (ECF No. 2) in the Southern District of New York. The matter was transferred to this Court ten days later. (*See* Transfer Order, ECF No. 5.) The Complaint is incoherent. It appears as follows:

**Statement**

Petition to the court Hudson county court New Jersey 12597334B / 11541077A to enforce order court order Signed by judge in court restate 12597334 B Angela Perez 12/14/1979 plaintiff vs Ramon F Moya 6/6/88 child Ramon Julian Moya 3-5-2007 defendant fd-009001419-08.   Please review New Jersey And Texas full custody guardian parent since birth to 2029 addressed by the state of Texas and the state of New Jersey. Please review the fraud error that was taken place. On my other case 11541077A  I Angela have attached my documents from case number 0014331354 Texas Active. Please be advise urgent . $71.005.84 due Texas $41,000 New Jersey I would like to address case pending to some where in system to. Conspiracy to kidnapping and fraud. Since 2022.  Please Trent review . Fraud fake court papers fake hearing hearing officer, a mediators court documents by clerks please review urgent zero nature of zero nature suit petition

(Compl. at 2, ECF No. 1.)

## II.    LEGAL STANDARD

Under 28 U.S.C. § 1915, a plaintiff may proceed with a civil action IFP without paying the court filing fee. The IFP statute requires that a plaintiff submit a complete financial affidavit to demonstrate financial need. 28 U.S.C. § 1915(a). *See Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, No. 24-105, 2024 WL 1256450, at *1 (D.N.J. Mar. 22, 2024) ("The requirement that a plaintiff demonstrate financial need through submission of a complete financial affidavit is an essential part of the statute."). Under the statute, the Court must assess the financial affidavit to determine whether the plaintiff can proceed IFP. 28 U.S.C. § 1915(a).

The Court must also decide *sua sponte* whether the Complaint should be dismissed. 28 U.S.C. § 1915(e). An IFP complaint must be dismissed if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). To survive *sua sponte* screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that *pro se* pleadings must be construed liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). "Yet there are limits to [district courts'] procedural flexibility" and "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citing *Riddle v. Mondragon*, 83 F.3d 1197, 1202 (10th Cir. 1996)).

## III.   DISCUSSION

### A.   The IFP Application is Incomplete

The IFP Statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The ability to proceed IFP is a privilege, not a constitutional right. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 316 (3d Cir. 2001). § 1915(a) requires a litigant wishing to proceed IFP to submit "in good faith an affidavit stating, *inter alia,* that he is unable to pay the costs of the lawsuit." *Neitzke*, 490 U.S. 319, 324 (1989). Without submitting "the required affidavit of poverty identifying all of his assets and a declaration that he was unable to pay the required fees," the Court has no way to "properly determine [a litigant's] current eligibility to proceed without prepayment of the fees." *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011).

Plaintiff has not submitted the required Long Form IFP Application. Her failure to do so renders her IFP Application deficient. Accordingly, Plaintiff's IFP application is **denied**. *See*

*Palumbo v. New Jersey*, No. 25-15208, 2025 WL 3718765, at \*2 (D.N.J. Dec. 23, 2025) (denying IFP status where applicant failed to submit long form application).

### B.    The Complaint is Incoherent

Rule 8(a)(2) requires all pleadings to include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). The question is whether, "liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019)). "[A] pro se complaint's language will ordinarily be 'plain' if it presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

A court may "dismiss a complaint for failure to comply with Rule 8." *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014). "[D]ismissal is appropriate in cases where the 'complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Id.* (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir.1995)). "'The dismissal of a complaint on the ground that it is unintelligible is unexceptional' because it cannot satisfy the basic notice function of a pleading." *Garrett*, 938 F.3d at 93 (quoting *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001)).

This Complaint does not satisfy the basic notice function of a pleading. Plaintiff's "disjointed factual allegations fail to provide a clear narrative of either the factual or legal basis for [Plaintiff's] claims." *Rogers v. Neuralink Corp.*, No. 26-189, 2026 WL 1067788, at \*1 (D.N.J. Apr. 20, 2026). The Complaint, therefore, fails to "provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them." *Lewis v. New Jersey*,

No. 19-20490, 2020 WL 1673032, at *3 (D.N.J. Apr. 6, 2020) (cleaned up) (quoting *Johnson v. Koehler*, No. 18-807, 2019 WL 1231679, at *4 (M.D. Pa. Mar. 15, 2019)). Accordingly, the Complaint is **dismissed** *without prejudice*.

## IV.    **CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) and IFP Application (ECF No. 2) are **DISMISSED** *without prejudice*. Plaintiff shall have thirty (30) days to file a new IFP application and an amended complaint addressing the deficiencies identified herein. An appropriate Order accompanies this Opinion.

**DATED: 7/13/2026**

**JULIEN XAVIER NEALS**
**United States District Judge**